IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DAVID ANTHONY STOCKER, )
 Plaintiff, )
  )
v. ) Civil Action No. 1:13-CV-312
 ) (Collier/Carter)
CAROLYN W. COLVIN, )
Commissioner of Social Security, )
 Defendant. )

## REPORT AND RECOMMENDATION

 This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income under Title XVI of the Social Security Act.

 This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a Report and Recommendation regarding the disposition of:

 (1) The plaintiff's Motion for Summary Judgment (Doc. 11), and

 (2) The defendant's Motion for Summary Judgment (Doc. 13)

 For the reasons stated herein, I **RECOMMEND** the Commissioner's decision be **REVERSED** and **REMANDED** to the Commissioner for further administrative consideration pursuant to Sentence Six of 42 U.S.C. § 405(g).

### Plaintiff's Age, Education, and Past Relevant Work Experience

 Plaintiff was 57 years old at the time the administrative decision was issued and he had obtained a tenth grade education (Tr. 118, 147). The ALJ found Plaintiff has past relevant work experience as a certified electrician (Tr. 18-20, 148-149, 163-170).

## Application for Benefits and Findings

Plaintiff applied for a period of disability and disability insurance benefits on May 12, 2011 (Tr. 118-121). This application was denied by hearing decision issued April 20, 2012 (Tr. 9-20). Thereafter, Plaintiff timely pursued and exhausted his administrative remedies available before the Defendant. The final decision of the Commissioner finding Plaintiff has not met the statutory requirements for disability is now ripe for review pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## Standard of Review - Findings of ALJ

Disability is defined as the inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The burden of proof in a claim for social security benefits is upon the claimant to show disability. *Barney v. Sec'y of Health & Human Servs.*, 743 F.2d 448, 449 (6th Cir. 1984); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978). Once the claimant makes a prima facie case that he/she cannot return to his/her former occupation, however, the burden shifts to the Commissioner to show that there is work in the national economy which claimant can perform considering his/her age, education, and work experience. *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975). "This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)).    If there is substantial evidence to support the Commissioner's findings, they should be affirmed, even if the Court might have decided facts differently, or if substantial evidence also would have supported other findings.    *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996); *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971).    The Court may not re-weigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion.    The substantial evidence standard allows considerable latitude to administrative decision makers because it presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts.    *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

Plaintiff asserts there is new evidence to support his claim of disability.    Since this evidence was not presented in the administrative hearing, it can only be considered in the context of a sentence six remand.    In order to remand a case for further consideration of additional evidence, plaintiff must show that the additional evidence is new and material and there is good cause for his or her failure to incorporate such evidence in the record during the prior proceedings. *See* 42 U.S.C. § 405(g); *Cline v. Commissioner of Social Security*, 96 F.3d 146, 149 (6th Cir. 1996); *Casey*, 987 F.2d at 1233.    Good cause is shown when the claimant gives a valid reason for failing to obtain relevant evidence prior to the hearing.    *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).    Additional evidence is new if it was not in existence or available to the claimant at the time of the administrative proceedings.    *See Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990).    The party seeking remand has the burden to show that remand is appropriate.    *See Oliver*

3

*v. Sec'y of Health and Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986)

As the basis of the administrative decision that plaintiff was not disabled, the ALJ made

the following findings:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2.  The claimant appears to have engaged in substantial gainful activity since April 21, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*

3.  The claimant has the following severe impairment; history of right shoulder and right biceps surgery (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, I find that since July 1, 2010, the claimant has had the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c), except he is able to lift 50 pounds only to the chest level and is able to lift only 25 pounds overhead.

6.  The claimant is capable of performing past relevant work as an electrician. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.1565).

7.  The claimant has not been under a disability, as defined in the Social Security Act from April 21, 2011, through the date of this decision (20 CFR 404.1520(f)).

Tr. 14-20.

## Issues Raised

1.  In his Motion for Summary Judgment, Plaintiff seeks reversal of the ALJ's decision and asks for an award of benefits.

2.  In his Brief in Support of Motion for Summary Judgment, Plaintiff asks for

4

remand under sentence six of 42 U.S.C. § 405(g).

Relevant Facts

PRE-HEARING MEDICAL EVIDENCE

Plaintiff's allegation of disability mainly involves injuries to his right shoulder, neck, and related areas. On approximately February 27, 2010, he injured his right shoulder on the job (Tr. 237). He was initially treated at Physician's Care through the workers' compensation process. (Tr. 230-244). Due to Plaintiff's complaints, an MRI was done on March 10, 2010 (Tr. 242). That test showed a full thickness tear of the supraspinatus tendon (the rotator cuff tendon on top of the shoulder joint) with retraction to the level of the acromion (the upper part of the shoulder blade over the shoulder joint), glenohumeral joint effusion extending into the subacromial/subdeltoid bursa through the rotator cuff tear, and mild to moderate acromioclavicular ("AC") joint arthrosis (i.e. arthritis) (Tr. 242).

Due to the severity of that report, Plaintiff was referred to an orthopedic specialist through workers' compensation. Pursuant to that law, he was only offered physicians chosen by his employer. T.C.A. § 50-6-204. That physician was Dr. Neil Spitalny (Tr. 189-209). Initially, Dr. Spitalny tried conservative treatment in the form of physical therapy (Tr. 245-250). After that failed, nothing was left but surgical intervention.

Therefore, on July 29, 2010, Dr. Spitalny performed surgery on Plaintiff's right shoulder (Tr. 193-194). His operative diagnosis was AC arthritis, torn rotator cuff, right shoulder, and torn biceps (Tr. 193). The surgery he performed was an exploration of the right shoulder, AC joint arthroplasty, resection of the distal clavicle, and reconstruction of the right rotator cuff (Tr. 193-194).

5

Post-surgically, Plaintiff continued to report symptoms and dysfunction. On December 28, 2010, Plaintiff reported problems with supination and cramping in his ruptured right biceps with use of a screwdriver (Tr. 201). At that time, Dr. Spitalny, considering only Plaintiff's work related shoulder problems, stated Plaintiff could lift up to 40 to 45lbs below chest level limiting overhead lifting to 25 pounds. He felt this was a permanent restriction (Tr. 201). On February 22, 2011, Plaintiff again saw Dr. Spitalny. He still reported some aching discomfort with cramping in his ruptured biceps. Physical examination that day showed reduced range of motion on internal and external rotation. It also showed positive lift off test, which is indicative of a tear in the subscapularis related to Plaintiff's workers' compensation claim. Dr. Spitalny assigned a 11% permanent medical impairment rating to the right, dominant upper extremity, which equated to a 6.5-7% rating to the body as a whole (Tr. 199). On February 2, 2011, Dr. Spitalny in an addendum assigned restrictions of lifting less than 25lbs overhead and 50lbs below chest level (Tr. 200). He offered no opinion on the ability to manipulate objects (like screwdrivers with his hands), push, pull, stand, walk, carry, bend, stoop, or a number of other work functions. In support of this additional restriction, his note that day also stated "[t]here is some large rotator cuff tear and his biceps tendonitis is permanent." (Tr. 200).

A partial consultative examination ("CE") was had with Dr. Stephen Goewey on July 15, 2011. Dr. Goewey performed a short physical examination that showed reduced shoulder flexion, abduction, and extension. He also found that Plaintiff had acromioclavicular tenderness to palpitation. Dr. Goewey noted some limited range of motion of the right shoulder with tenderness to palpation and scarring (Tr. 211).

On August 4, 2011, a state agency physician, Dr. Iris Rotker, offered an opinion on

6

Plaintiff's residual functional capacity ("RFC"). Dr. Rotker's opinion was that Plaintiff was only capable of lifting 10lbs frequently, 20lbs occasionally, sitting, standing, or walking for six hours of a workday with only frequent pushing, pulling, or overhead reaching with the right upper extremity (Tr. 213-217). That opinion is basically the textbook definition of light work with some additional limitations in pushing, pulling, and overhead reaching. In coming to that opinion, Dr. Rotker clearly evaluated all of the medical evidence, including all of it from Dr. Spitalny. His report contains exact quotations from Dr. Spitalny's last pre-hearing visit (Tr. 219). That RFC was then affirmed as correct by another DDS state agency physician, Dr. Frank Pennington (Tr. 228).

### POST HEARING MEDICAL EVIDENCE

At ALJ Feibus' request, Plaintiff went to seek further treatment from Dr. Spitalny. However, that treatment required a conference with the Department of Labor for approval by the workers' compensation insurance carrier. On April 5, 2012, he reported to Dr. Spitalny with complaints of increased pain in the right shoulder. Physical examination that day showed discomfort with cervical compression, interscapular pain, pain in the trapezial and biceps region, and that Plaintiff was hyperflexic. Dr. Spitalny felt Plaintiff may have cervical radiculopathy (Tr. 253).

Dr. Spitalny had Plaintiff return to his office on April 18, 2012. Plaintiff again reported ulnar neuritis pain with flexion, pain with cervical compression, and weakness related to both the cervical spine and right shoulder. He also took an x-ray of Plaintiff's cervical spine. That x-ray showed **severe** degenerative changes with anterior spurring at C5-6 and narrowing at the C4-5 and C6-7 level (Tr. 252)(emphasis added). At that point, Dr. Spitalny referred Plaintiff to a spine

clinic for further evaluation of his serious neck pathology  (Tr. 252).

Plaintiff's counsel asserts those records from Dr. Spitalny were gathered and submitted as soon as possible.   The notes following the April 18, 2012 visit to Dr. Spitalny were submitted on April 24, 2012, four days after the administrative decision.

<u>Analysis</u>

<u>The Request for Reversal for an award of benefits</u>

Plaintiff seeks reversal for an award of benefits.   When reversal is sought the Court must determine whether the ALJ failed to apply the correct legal standard and whether the ALJ's findings of fact were supported by substantial evidence. 42 U.S.C. § 405(g); *Garner v. Heckler* , 745 F.2d 383, 387 (6th Cir. 1984). "This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Walters v. Comm'r of Soc. Sec.* , 127 F.3d 525, 528 (6th Cir. 1997)).

For reasons that follow, I conclude the Commissioner's decision is not supported by substantial evidence and remand under sentence four and six is an appropriate remedy. I conclude the ALJ's stated reasons for rejecting part of the opinion of the treating physician and rejection of the opinions of the state agency physicians are not adequately supported looking at the record as a whole.   The ALJ's conclusion that Plaintiff is capable of a medium work is therefore not supported by substantial evidence. When the ALJ's findings are not supported by substantial evidence, or are legally unsound, the reviewing court should reverse and remand the case for further administrative proceedings unless the proof of disability is overwhelming or . . . the proof

8

of disability is strong and evidence to the contrary is lacking. *Faucher v. Secy of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994). I cannot say the evidence of disability is overwhelming and that no evidence exists on the other side, therefore I am recommending remand rather than reversal.

In his opinion, the ALJ discusses the opinion of Dr. Spitalny noting the modification assessed on February 2, 2011 to less than 25 pounds over head and lifting less than 50 pounds below chest level. The relevant portions of his opinion follow:

> In arriving at the claimant's residual functional capacity, I have considered the medical opinions of record. I have relied on the treating orthopedist, who advised that following his surgery, the claimant could return to essentially medium exertional work, lifting 25 pounds overhead and lifting 50 pounds to the chest level (Exhibit 2F). Although he appears to have modified this slightly, I am unable to give much consideration to the modification due to its lack of specificity (i.e., he indicated the claimant was limited to "less than 25 pounds overhead and lifting less than 50 pounds below chest level"). "Less than" could be interpreted as any number between 0 and 25 and 0 and 49 pounds.

Tr. 18.

The ALJ is essentially accepting the earlier opinion of the treating physician and rejecting the modified opinion. It is true that less than does not quantify exactly how much less than but it does not mean zero less than 25 or 50, otherwise he would not have said less than. It may be that Plaintiff is capable of some work at less than the medium level but that decision is one for the ALJ not for me. Then one turns to the opinions of the state agency physicians which create another problem with the administrative decision.

On August 4, 2011, state agency physician Dr. Iris Rotker offered an opinion on Plaintiff's RFC. Dr. Rotker's opinion was that Plaintiff was only capable of lifting 10lbs frequently, 20lbs occasionally, sitting, standing, or walking for six hours of a workday with only frequent pushing, pulling, or overhead reaching with the right upper extremity (Tr. 213-217). As Plaintiff points

9

out, that opinion is basically the definition of light work with some additional limitations in pushing, pulling, and overhead reaching.   In coming to that opinion, Dr. Rotker clearly evaluated all of the medical evidence, including three specific references to Dr. Spitalny's treatment and an evaluation of Dr. Stephen Goewey.   His report contains exact quotations from Dr. Spitalny's last pre-hearing visit and two others (Tr. 219). His report concluded a light work level was appropriate. That RFC was then affirmed as correct by another DDS state agency physician, Dr. Frank Pennington, on October 18, 2011 (Tr. 228). The ALJ does not mention this opinion. There are therefore two state agency physicians who opined Plaintiff was restricted to light work.   And, as the Commissioner often points out, State agency consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions. See 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i); SSR 96-6p, 1996 WL 374180 (S.S.A.).

In his decision, ALJ Feibus stated that he did not accord the findings of Dr. Rotker considerable weight because they did not consider the treating surgeon's functional assessment and were made without a personal examination, so he gave the surgeon's opinion more weight. However, I note that he did not consider all of the surgeon's opinion, as discussed above.   Based on this, he finds Plaintiff capable of performing his past relevant work and not disabled within the meaning as defined by the Social Security Act because he concluded he was capable of medium work (Tr. 20).   I conclude that when one looks at all of the evidence, this conclusion is not supported by substantial evidence.   Neither the treating physician as contained in the addendum to his opinion nor the state agency physicians provide support for this.

10

<u>Sentence Six Remand</u>

Plaintiff also seeks remand under Sentence Six. Four days after the ALJ's decision Plaintiff submitted additional medical evidence. Plaintiff asserts this is new and material evidence to support his claim of disability. Since this evidence was not presented in the administrative hearing, it can only be considered in the context of a Sentence Six remand. In order to remand a case for further consideration of additional evidence, plaintiff must show that the additional evidence is new and material and there is good cause for his or her failure to incorporate such evidence in the record during the prior proceedings. *See* 42 U.S.C. § 405(g); *Cline v. Commissioner of Social Security*, 96 F.3d 146, 149 (6th Cir. 1996); *Casey*, 987 F.2d 1230 at 1233 (6th Cir. 1993). Good cause is shown when the claimant gives a valid reason for failing to obtain relevant evidence prior to the hearing. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Additional evidence is new if it was not in existence or available to the claimant at the time of the administrative proceedings. *See Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990). The party seeking remand has the burden to show that remand is appropriate. *See Oliver v. Sec'y of Health and Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986).

At the hearing, ALJ Feibus appeared to invite new evidence (Tr. 59, 60). Plaintiff went to seek further treatment from Dr. Spitalny. Plaintiff asserts this treatment required a conference with the Department of Labor for approval by the workers' compensation insurance carrier. On April 5, 2012, he reported to Dr. Spitalny with complaints of increased pain in the right shoulder (Tr. 253). Physical examination that day showed discomfort with cervical compression, interscapular pain, pain in the trapezial and biceps region, and that Plaintiff was hyperflexic (Tr. 253). Dr. Spitalny opined Plaintiff may have cervical radiculopathy (Tr. 253).

11

Dr. Spitalny had Plaintiff return to his office on April 18, 2012. Plaintiff again reported ulnar neuritis pain with flexion, pain with cervical compression, and weakness related to both the cervical spine and right shoulder (Tr. 252). He also took an x-ray of Plaintiff's cervical spine. That x-ray showed **severe** degenerative changes with anterior spurring at C5-6 and narrowing at the C4-5 and C6-7 level (Tr. 252)(emphasis added). At that point, Dr. Spitalny referred Plaintiff to a spine clinic for further evaluation of his serious neck pathology (Tr. 252).

Those records from Dr. Spitalny were gathered and submitted. The notes following the April 18, 2012 visit to Dr. Spitalny were submitted on April 24, 2012, four days after the administrative decision. I conclude this evidence is new because it did not exist at the time of the administrative decision. Evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding. *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). It is material if there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence. *Id.* (quoting *Sizemore v. Secy of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)). The claimant must demonstrate good cause for his failure to incorporate such evidence into the record in a prior proceeding. *Hollon ex rel. Hollon v. Commr of Soc. Sec.,* 447 F.3d 477, 483 (6th Cir. 2006) (citing 42 U.S.C. 405(g)). Lastly, the party seeking remand has the burden of demonstrating that remand is appropriate. *See Willis v. Secy of Health & Human Servs.,* 727 F.2d 551, 554 (6th Cir.1984).

In light of all of the evidence in this case I conclude it is material, in that there is a reasonable probability that the Commissioner would reach a different conclusion, especially in light of the opinions of the treating physician and state agency physicians discussed above. As to

12

good cause for the failure, I conclude Plaintiff was diligent in obtaining this new information and had a good faith belief that the ALJ was going to allow him to provide it for his consideration in reaching a decision in the case. For those reasons, I recommend remand under sentence six as well.

## Conclusion

Having carefully reviewed the entire administrative record and the briefs of the parties filed in support of their respective motions, I conclude the findings of the ALJ and the decision of the Commissioner are not supported by substantial evidence when one looks at all of the evidence of the record. However, evidence of disability is not overwhelming and there is some evidence to support the Commissioner therefore remand is the appropriate remedy. I further conclude remand is required under sentence six to consider new evidence which supports his claim of disability.

Accordingly, I RECOMMEND[1] that:

1. Plaintiff's motion for Summary Judgment (Doc. 11) be **GRANTED** in part to the extent that it seeks remand and **DENIED** in part, to the extent it seeks reversal for an award of benefits,

---

[1]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

2. The Commissioner's Motion for Summary Judgment (Doc. 13) be DENIED,

3. The Commissioner's decision be **REVERSED AND REMANDED** under Sentence Four of 42 U.S.C. § 405(g) for action consistent with this Report and Recommendation (1) to further evaluate the opinion of the treating physician and further evaluate the opinion of the state agency physicians in light of the record showing they considered the detailed notes of the treating physician before opining Plaintiff was capable of only light work and **REMANDED** to the Commissioner for further administrative consideration of new and material evidence under Sentence Six of 42 U.S.C. § 405(g) to reassess the case in light of all of the evidence including the evidence presented by Plaintiff after the administrative hearing and to consider any other evidence presented bearing on the question of Plaintiff's RFC .


S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

14